UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § § | |
| v. | § § | No. SA-22-CR-252-XR-1 |
| Mark Ryan Hauser<br>    Defendant. | § § § | |

## GOVERNMENT'S PROPOSED INSTRUCTIONS TO THE JURY

The United States submits the following proposed jury instructions and verdict form for trial set to commence on February 27, 2023. It may be necessary for the United States to request additional instructions or to amend the instructions due to trial issues that arise after the time of this filing.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

_____S_____
WILLIAM F. LEWIS, JR.
Assistant United States Attorney
Texas Bar No. 12314550

KELLY G. STEPHENSON
Assistant United States Attorney
Texas Bar No. 12314550

601 NW Loop 410, Suite 600
San Antonio, Texas  78216-5512
(210) 384-7100
(210) 384-7118 FAX

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 9, 2023, a true and correct copy of the following was emailed to counsel of record for the Defendant for purposes of conferring in an attempt to reach an agreed jury charge.

        /s/
WILLIAM F. LEWIS, JR.
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2023, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System that will transmit notification of such filing to all counsel of record in this case.

        /s/
WILLIAM F. LEWIS, JR.
Assistant United States Attorney

## GENERAL INSTRUCTIONS

**Introduction to Final Instructions (1.03)**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**Duty to Follow Instructions (1.04)**

You, as jurors, are the judges of the facts. But in determining what actually happened - that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**Presumption of Innocence, Burden of Proof, Reasonable Doubt (1.05)**

The Indictment or formal charge against the defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require the defendant to prove his innocence or produce any evidence at all **[and no inference whatever may be drawn from the election of a defendant not to testify].**

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

**Evidence–Excluding What is Not Evidence (1.06)**

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.  Remember that any statements, objections, or arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection

and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I may have sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence may have been ordered stricken from the record and you may have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**Evidence–Inferences–Direct and Circumstantial (1.08)**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether the evidence is "direct evidence" or "circumstantial evidence." "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all

of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

**Credibility of Witnesses (1.09)**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses **[including the defendant – *IF DEFENDANT TESTIFIES*]** who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

**[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness – *IF DEFENDANT TESTIFIES*].**

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict,

do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden of calling any witness or producing any evidence.

**Character Evidence (1.10)**

Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

**Confession – Statement Voluntariness (1.28)**

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, gender, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

**Expert Opinion Testimony (1.18)**

During the trial you heard the testimony of FBI CART Examiner _____, who has expressed opinions concerning the defendant's use of the _(make, model of cell

*phone)*_____ cellular phone at issue in this case and the information contained on the device. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**On or About (1.19)**

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crimes were committed on the exact dates, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on dates reasonably near the dates stated in the superseding indictment.

**Caution–Consider Only Crimes Charged (1.21)**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**Caution - Punishment (1.22)**

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

**Reading of the Indictment**

Now, I will give you my instructions with reference to the essential elements of the counts alleged which must be proven by the government beyond a reasonable doubt before you can convict the defendant of the counts of the Indictment.

You will have a copy of the Indictment with you in the jury room. I remind you that the indictment is not evidence of guilt. The indictment charges the defendant as follows:

## COUNT ONE

### Possession of Child Pornography—18 U.S.C. § 2252A(a)(5)(B)

Title 18, United States Code, Section 2252A(a)(5)(B), makes it a Federal crime for any person to knowingly possess any material that contains an image of child pornography that has been shipped or transported using any means or facility of interstate or foreign commerce, or that was produced using materials that have been mailed or shipped in or affecting interstate commerce by any means, including by computer.

For you to find the defendant guilty of this crime as alleged in Count One, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly possessed an item, a Samsung Model SM-G930F cell phone, that contained an image of child pornography, as alleged in the indictment;

Second: (a) The material was transported using any means or facility of interstate or foreign commerce, by any means, including by computer; OR

(b) The material was produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer; and

Third:   When the defendant possessed the Samsung Model SM-G930F cell phone, the defendant knew the Samsung Model SM-G930F cell phone contained child pornography.

**Possession (1.31)**

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

**Computer**

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

**Child Pornography**

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced using electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

**Minor**

The term "minor" means any person under the age of eighteen years.

**Visual Depiction**

A "visual depiction" includes undeveloped film and videotape, data stored on a computer disk or by electronic means, which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

**Sexually Explicit Conduct**

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.  Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition.  Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material.  You may consider such factors as whether the focal point of the visual depiction is on the child's genitals or pubic area; whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity; whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child; whether the child is fully

or partially clothed, or nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the visual depiction is intended or designed to elicit a sexual response in the viewer.  This list is not exhaustive, and no single factor is dispositive.

**Interstate or Foreign Commerce (1.39, 1.40, 1.41)**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.  Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.  Commerce includes travel, trade, transportation and communication.

Using a facility or means of interstate commerce means employing or utilizing any method of communication between one state and another.  A telephone is considered a facility or means of interstate commerce, whether it is used in the traditional manner, or whether it is used in conjunction with a computer and modem.  Likewise, the Internet is considered a facility or means of interstate commerce.  It is not necessary for the government to prove that any use of a facility in interstate commerce was contemplated or planned at the time that the course of activity began or that the defendant knew that he was actually using a facility of interstate commerce.

It is not necessary for the Government to prove that the Defendant knew that the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved.  It is not necessary that the government prove the defendant knew the interstate nature of an instrument on which a depiction of child pornography if produced.

**Knowingly–To Act (1.37)**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of accident or mistake.

**Duty to Deliberate - Verdict Form (1.26)**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are the judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer. I will either reply to you in writing or bring you back into the courtroom to answer your message.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on each count of the Indictment, until after you have reached a unanimous verdict.

_____                         _____
Date                                            THE HONORABLE XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § § | |
| v. | § § | No. SA-22-CR-252-XR-1 |
| Mark Ryan Hauser<br>Defendant. | § § § | |

**VERDICT OF THE JURY**

**COUNT ONE**

We, the Jury in the above-entitled cause, find the defendant, MARK RYAN HAUSER,

    GUILTY \_\_\_\_\_           NOT GUILTY \_\_\_\_\_

of Possession of Child Pornography as charged in Count One of the Indictment.

_____                              _____
Date                                                    FOREPERSON