UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § § § | |
| v. | § § | No. SA-22-CR-252-XR-1 |
| Mark Ryan Hauser<br>    Defendant. | § § § | |

## GOVERNMENT'S PROPOSED VOIR DIRE

The United States of America files these proposed voir dire questions and topics.

**Case Specific Knowledge**

1. The defendant in this case is Mark Ryan Hauser. He is charged with federal offenses that make it unlawful to possess images depicting child pornography. In this case, the government alleges that the defendant used his cellular phone to possess child pornography. Of course, the Indictment is not evidence, and it is the government's burden to prove its case beyond a reasonable doubt.
    a. Do you know anything at all about the facts of this case?
    b. Have you heard anything about this case prior to or after you arrived at the courthouse?

2. Does any prospective juror or anyone close to you know:
    a. the counsel for the government, Assistant United States Attorneys:
        i. Bill Lewis or
        ii. Kelly Stephenson;
    b. or the federal agents assigned to the case:
        i. Federal Bureau of Investigations Special Agent William C. Borromeo,
        ii. FBI Digital Forensic Examiner Dustin McCarley,
        iii. Immigration and Customs Enforcement Deportation Officer Justin S. Granberry,
        iv. ICE Deportation Officer Hans C. Momberger,

3. Does any prospective juror know anyone else connected with the Office of the United States Attorney, the Federal Bureau of Investigation (the FBI), or Immigration and Customs Enforcement (ICE)? If so, discuss.

4. Does any prospective juror or anyone close to you know the defendant, Mark Ryan Hauser, or any of his family members? If so, discuss.

5. Does any prospective juror or anyone close to you know the defendant's counsel, Molly Roth? If so, discuss.

6. Do you know or are you familiar with any of the following individuals, who may be witnesses in this case? [The government respectfully requests the Court read the defendant's witness lists or have each side read the names of the potential witnesses each side will call, if not identified above.]

**Prior Jury Service**

7. Has any prospective juror previously been a juror in a civil or criminal case? If so, discuss.
    a. In which court (Federal, or State);
    b. Civil or criminal;
    c. Were you the Foreperson; and
    d. Did that jury reach a verdict?

8. How many of you have served on a Grand Jury for either the State of Texas, any other State, or for the United States?

**Experience or Contacts with Law Enforcement or the Judicial System**

9. Has any prospective juror, or anyone close to you, ever been arrested, charged, or convicted of any criminal offense except minor traffic offenses? (Follow-up questions at side bar.)
    a. If so, were you or the person involved treated fairly by the police and prosecutor?
    b. Would the prior experience with the police or prosecutor affect your ability to be fair and impartial in this case?

10. Have you or anyone close to you ever been the subject of any government investigation?
    a. If so, were you or the person involved satisfied or dissatisfied with the outcome;
    b. Do you feel you were treated fairly or unfairly?

11. Would you be more inclined or less inclined to believe the testimony of a government agent or employee, merely because he or she was a government agent or employee?

12. Have you or any family member ever held a job with any federal, state or local law enforcement agency?
    a. If yes, please describe who held the position, the agency and the time the position.
    b. Is there anything about that experience that would affect your ability to be fair and objective toward both the government and the defendant in your consideration of the evidence in this case?

13. Have you, your family members, or close friends had any experience with a government agency that would cause you to be biased for or against the government? In particular, this case was investigated by the Federal Bureau of Investigation, including Task Force Officers from the Immigration and Customs Enforcement, a part of Department of Homeland Security, and you will hear testimony from members of those agencies. Does any prospective juror have any particular concern or problem with these agencies?

14. Do you have negative feelings towards any law enforcement agency or the United States?

15. How many of you have studied law or taken classes on legal matters?

16. Does any member of the jury work in a law office or the legal field?

    **Experience or Views Related to the Offenses Charged**

17. Does any prospective juror think that receiving, possessing, or having access to child pornography over the Internet or through a file sharing mechanism should **not** be a crime?

18. Would any prospective juror have difficulty following an instruction by the judge that the First Amendment does not protect child pornography?

19. Has any prospective juror, or anyone close to you ever been convicted, charged with, or accused, fairly or unfairly, of possession of child pornography or child sexual abuse?

20. Has any prospective juror or anyone close to you ever been the victim of child pornographers, child sexual abuse, or adult sexual abuse? If so,
    a. Was the case reported to the authorities?
    b. Did the case go to trial?
    c. Was there anything about the experience that makes you unable to sit fairly and impartially as a juror in this case?

    **Computer and Technical Experience and Experience Related to Factual Allegations**

21. Do you have extensive experience using or servicing computers or software, such as coding/programing, setting up/supporting computer networks, or similar technical capabilities? If so, please describe.

22. Do you have any training in the field of computers, or specialized knowledge of computers or cell phones? If so, please describe your training or specialized knowledge.

23. If your computer or phone stopped working, would you try to fix it yourself, or would you take it to someone else to be fixed?

24. Are you comfortable enough with technology that you could help others if they have trouble?

25. On a scale from 1 to 3 (with 1 being the most comfortable and 3 the least), how would you rate your comfort level in understanding technology-related evidence and testimony?

26. This case will involve evidence of what is known as "peer to peer" file sharing programs. These are programs in which users may share any sort of digital files via the internet, such as music, photographs, videos, or text files. Do any of you have any experience with using these "peer to peer" file-sharing programs? Could you please describe your experience using these programs and how long and how many you have used?

**Views on Role of Jurors**

27. Do you, or does anyone close to you, hold any belief that the United States has no authority over its people or citizens?

28. Do you hold any philosophical, moral, or religious beliefs that would make you unable to sit in judgment of another human being?

29. The potential punishment for the offense charged in the indictment is a matter that should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused.  Can you put aside concerns about potential punishment in arriving at a fair and impartial verdict in this case?

30. If the court instructs you that your verdict must not be based on sympathy, passion, or prejudice, but only on the evidence in this case, will you be able to follow that instruction?

31. Irrespective of your personal feelings about any issue that may arise in this case, will you follow the law as the Court gives it to you during this case?

32. The evidence in this case may include images that are distasteful, offensive, and unpleasant. However, the prospect of having to see distasteful, offensive or unpleasant evidence is not a basis to avoid the responsibility of jury service.  Many cases, both criminal and civil, involve unpleasant things.  If we excused prospective jurors on the ground that jury duty makes demands -- including some unpleasant demands -- then we could not function. Moreover, the parties have the right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve, or because they would like to avoid some unpleasantness.  Having said that, is there anyone who honestly believes there is some compelling reason why he or she could not be an impartial juror - that is to consider all of the evidence and follow the law - simply because images alleged to depict child pornography will be presented as evidence in the trial?

33. The Government must prove the elements of the charged crimes beyond a reasonable doubt. The court will define reasonable doubt in its instructions to you. Beyond a reasonable doubt is not proof beyond all doubt or proof beyond a shadow of a doubt.  Is there anyone here who thinks that the Government should prove this case beyond all doubt?

34. Does any prospective juror know of any reason why he or she cannot make a fair and impartial decision in this case?  If so, please discuss.

        Respectfully Submitted,

        JAIME ESPARZA
        United State Attorney

        By:    /s/
        WILLIAM F. LEWIS, JR.
        Assistant United States Attorney
        Texas Bar No. 12314550
        601 NW Loop 410, Suite 600
        San Antonio, Texas  78216-5512
        (210) 384-7100

## **CERTIFICATE OF SERVICE**

      I certify that I caused this document to be electronically filed with the Clerk of Court using the CM/ECF filing system, which will transmit notification of such filing to counsel of record on the same day.

                                                    */s/*
                                          WILLIAM F. LEWIS, JR.
                                          Assistant United States Attorney