UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | No. SA-22-CR-252-XR-1 |
| | § | |
| Mark Ryan Hauser | § | |
| Defendant. | § | |

## GOVERNMENT'S CONSOLIDATED PRE-TRIAL MOTIONS AND MOTIONS IN LIMINE

The United States of America moves this Court for an order granting the Government's Motions in Limine and other consolidated pre-trial motions below:

Herein, the Government seeks orders:

1. Indicating the Court shall conduct all voir dire of the jury panel in this matter, which may include, at the Court's discretion, questions submitted by the parties;

2. Restricting counsel in opening statement or closing argument to the jury, or in questions to witnesses, from commenting on any of the following topics, which would be inadmissible as evidence, prejudicial to a fair trial, and inappropriate for the jury's consideration, unless counsel first obtains permission of the Court outside the jury's presence:

    A. Any possible sentence or consequence faced by the defendant;

    B. Any information or facts which could only come to the jury's attention through the sworn testimony of the defendant (unless counsel for the defendant informs the Court the defendant will testify);

    C. Any other information for which the defendant does not have a good faith belief will be admissible; and

    D. Background and health-related information of the defendant.

3. Excluding evidence and prohibiting argument offered for the purpose of jury

nullification.

4. Exclusion of evidence regarding the manner in which the investigation was conducted and/or any alleged motive behind the criminal action, including:

5. Limitation on the number of character witnesses; and

6. Exclusion of evidence of specific acts of good character.

## Argument

This motion is related to certain potentially inadmissible evidence and is brought for the purpose of assuring compliance Federal Rules of Evidence which provide, "To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed .R. Evid. § 103(d). Based upon the following considerations, the Government is requesting this Court grant this motion, thereby creating a vehicle by which to comply with Rule 103(d) of the Federal Rules of Evidence, and prevent the possibility of jury prejudice through its exposure to such inadmissible evidence.

### I. Conduct of Voir Dire

The Government requests the Court to conduct all voir dire examination in this cause. Counsel should not use voir dire as a method of conducting an extra opening statement, attempting to put their theory of the case or facts before the jury.

Examination of the panel by counsel is not mandated; rather, it may only be done with permission of the Court. Fed. R. Crim. P. 24(a). "A trial judge has broad discretion over the manner in which voir dire is conducted." *United States v. Rowe*, 106 F.3d 1226, 1227-28 (5th Cir. 1997). Should any follow up questions be necessary, a conference at the bench to submit them to the Court should be conducted. Fed. R. Crim P. 24(a)(2)(B).

## II. Restriction on Counsel's Voir Dire, Arguments and Cross-Examination

The Government also asks the Court to enter an order restricting defense counsels from mentioning in voir dire, opening statements, arguments, or questioning of witnesses certain matters, including:

(a) any possible sentence or other ramifications faced by the defendant in this case;

(b) any information or facts which could only come to the jury's attention through the sworn testimony of the defendant (unless the attorney for the defendant informs the Court that his client will testify); and

(c) any matters for which the defendant do not have a good faith belief will be admissible.

Chief Justice Burger has succinctly stated the purpose and scope of opening statements:

> An opening statement has a narrow purpose and scope. It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument. To make statements which will not or cannot be supported by proof is, if it relates to significant elements of the case, professional misconduct. Moreover, it is fundamentally unfair to an opposing party to allow an attorney, with the standing and prestige inherent in being an officer of the court, to present to the jury statements not susceptible of proof but intended to influence the jury in reaching a verdict.

*United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring) (reacting to misconduct by defense counsel in opening statement).

### A. Potential Sentence for Offense Charged or Possible Ramifications

The Government asks the Court to enter an order prohibiting each defense counsel from mentioning to the jury that the crime with which the defendant is charged is a felony, carries specific or likely sentence of incarceration, or any jail time whatsoever. The mention of such facts serves only to put before the jury the matters intended to arouse the jury's sympathy. "[T]he jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be

imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975).

### B. Background Information of Defendant

In the absence of an assertion that the defendant will testify, there is no reasonable basis to believe that personal information about the defendant, even if relevant, will be elicited at trial. If defense counsel for either Defendant cannot state at the beginning of the trial whether the defendant will testify, counsel cannot state that she reasonably expects to elicit the information. Consequently, there will exist no reasonable basis for including it in his opening or in argument, and the Court should prohibit the statements from being made in the first place.

### C. Matters Lacking Good-Faith Belief of Admissibility

Counsel should not comment any matters for which they do not have a good faith belief will be admissible at trial, including during voir dire, opening statements, argument, and during questioning of the witnesses. Tex. Disciplinary R. of Prof. Conduct 3.04(c)(2), Jan. 31, 2022; *see also United States v. Dinitz*, 538 F.2d 1214, 1221, fn 10 (5th Cir. 1976) ("In his opening statement a lawyer should confine his remarks to a brief statement of the issues in the case and evidence he intends to offer which he believes in good faith will be available and admissible. It is unprofessional conduct to allude to any evidence unless there is a good faith and reasonable basis for believing such evidence will be tendered and admitted in evidence.").

### III. The Court Should Exclude any Evidence or Argument Offered for the Purpose of Encouraging Jury Nullification or Defenses without Factual Basis

A trial judge may block any attempts to "serenade a jury with the siren song of nullification" and may instruct the jury to the exclusion of jury nullification. *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430 (5th Cir. 2001) (unpublished) (*quoting United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)).

Although a defendant is allowed to present his theory of defense to the jury, "some relevant

factual basis for the defense should exist under Federal Rules of Evidence 401 and 402 before evidence or testimony is offered." *United States v. Thompson*, 25 F.3d 1558, 1564 (11th Cir. 1994). Federal courts have held that "it is appropriate to require a defendant to submit an offer of proof to establish whether the evidence is sufficient as a matter of law to support the proffered defense. [citations omitted]. The constitutional right of the defendant to a fair trial is not diminished if the defendant is precluded from raising defenses for which she can present no supporting evidence at all. [citations omitted]." *United States v. Brodhead*, 714 F. Supp. 593, 596 (D. Mass. 1989) (precluding political necessity argument, Nuremberg defense, and crime prevention defense).

The defendant should not be allowed to: (1) present evidence to the jury that it can acquit on grounds other than the facts in evidence; (2) present irrelevant evidence to provoke the jury to disregard the law; and (3) present evidence through defense witnesses or cross-examination about facts in support of a defense, which was not approved by the Court following an offer of proof.

### IV. The Court Should Exclude Evidence Regarding the Manner in Which the Investigation was Conducted and/or Alleged Motive Behind the Criminal Action

To the extent that the defense seeks to introduce evidence concerning the evolution, basis for, and/or Government's manner of conducting the criminal investigation and prosecution in this case, the Court should prohibit such evidence. It is hard to envision its relevancy outside of supporting a selective prosecution or a due process/spoliation defense.

### V. Limitation on the Number of Character Witnesses

The Court should limit the number of character witnesses for the defendant. It is well-settled that the Court may limit the number of character witnesses permitted testify. *United States v. Gray*, 507 F.2d 1013, 1016 (5th Cir. 1975) Such witnesses will be cumulative and lend little, if any, probative evidence concerning whether the defendant committed the crime alleged.

### VI. The Court Should Exclude Evidence Regarding Specific Acts of Good Character

The Defendant should be prohibited, on direct and/or cross-examination, from introducing evidence of specific acts of good character, including, but not necessarily limited to, evidence that he is a good member of the community, husband, father, family member, or churchgoer, etc. or evidence that he did not commit similar criminal acts on other particular occasions. Although the defendant's conduct will be in issue, whether he is a good member of the community, husband, father, family member, or churchgoer, etc. will not be at issue.

Federal Rule of Evidence 404(b) proscribes the admission of character evidence to prove that a defendant has a good character and acted in conformity therewith. *See* Fed. R. Evid. 404(b); Evidence of good conduct is not admissible to negate criminal intent. *See Michelson v. United States*, 335 U.S. 469, 477 (1948); *United States v. Marrero, 904 F.2d 251, 260 (5th Cir. 1990).*

### Conclusion

For the foregoing reasons, the Government's Motions In Limine should be granted.

    Respectfully Submitted,

    JAIME ESPARZA
    United State Attorney

    By: \_\_\_\_/s/\_\_\_\_
    WILLIAM F. LEWIS, JR.
    Assistant United States Attorney
    Texas Bar No. 12314550
    601 NW Loop 410, Suite 600
    San Antonio, Texas  78216-5512
    (210) 384-7100

## **CERTIFICATE OF SERVICE**

  I certify that I caused this document to be electronically filed with the Clerk of Court using the CM/ECF filing system, which will transmit notification of such filing to counsel of record on the same day.

/s/
WILLIAM F. LEWIS, JR.
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| United States of America | § |
| | § |
| v. | § No. SA-22-CR-252-XR-1 |
| | § |
| Mark Ryan Hauser | § |
| Defendant. | § |

# ORDER ON GOVERNMENT'S MOTION IN LIMINE

The Court considered the Government's Motions in Limine and all relevant materials and the Motion is GRANTED or DENIED as set forth below and the following orders will enter:

1.  Limitation on voir dire examination

    GRANTED ☐      DENIED ☐

The Court shall conduct all voir dire examination in this cause. Counsel is directed to submit any proposed voir dire questions or areas of questions to the Court.

2.  Exclusion and restriction of certain evidence and theories

    A.  Potential sentence or consequences for offense charged

        GRANTED ☐      DENIED ☐

    B.  Exclusion of evidence not relevant to issues.

        GRANTED ☐      DENIED ☐

    C.  Background information of the defendant.

        GRANTED ☐      DENIED ☐

Defense counsel is prohibited from mentioning to the jury at any time that the crime with which the defendant is charged is a felony, carries a specific sentence, likely incarceration, or any punishment whatsoever. Comments such as "taking away defendant's freedom," "sending him to

jail", or the like serve no purpose in this trial and are prohibited.

In the absence of an assertion that either defendant will testify, there is no reasonable basis to believe that a variety of personal information about that defendant and/or his intent, even if relevant, will be elicited at trial. As such, comment upon such matters is prohibited, unless and until counsel represents defendant will testify.

Counsel are directed to limit cross-examination of witnesses to appropriate matters as determined by the Court in the hearing on this motion.

4. <u>Jury nullification</u>

GRANTED ☐   DENIED ☐

Defense counsel is prohibited from presenting evidence to the jury that it can acquit the defendant on grounds other than the facts in evidence; present irrelevant evidence to provoke the jury to disregard the law; and/or present evidence through defense witnesses or cross-examine adverse witnesses about facts which are not of consequence to the determination of the case.

If such evidence is sought to be admitted, it shall be brought to the attention of the Court outside the presence of the jury to determine its admissibility. Unless and until the Court rules on the admissibility of such late disclosed evidence, neither the counsel nor parties shall refer to it in any manner.

5. <u>Exclusion of evidence regarding the manner in which the investigation was conducted and/or any alleged motive behind the criminal action</u>

GRANTED ☐   DENIED ☐

The defense is prohibited from introducing evidence concerning the evolution, basis for, and/or Government's manner of conducting the criminal investigation and prosecution in this case because such evidence is irrelevant to the crime charged.

6. <u>Limitation on the number of character witnesses</u>

    GRANTED ☐      DENIED ☐

Limited to _____ character witnesses.

7. <u>Exclusion of evidence of specific acts of good character</u>

    GRANTED ☐      DENIED ☐

Whether the defendant is a good member of the community, husband, father, family member, or church goer, etc. is irrelevant to the charges against him, and offers no defense to the charges against him. This type of evidence should not be admitted, whether offered through direct or cross-examination. Similarly, proof of an assertion by a negative is inadmissible. Therefore, evidence that the defendant acted lawfully or laudably on other occasions is irrelevant to his attempt at proving he acted lawfully on the occasions alleged in the Indictment.

If such evidence is sought to be admitted, it shall be brought to the attention of the Court outside the presence of the jury to determine its admissibility. Unless and until the Court rules on the admissibility of such late disclosed evidence, neither the counsel nor parties shall refer to it in any manner.

Signed this ___ day of _____, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE